UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

REVA MORGAN                                          CIVIL ACTION

VERSUS                                               NO. 05-2860

JOHN E. POTTER, POSTMASTER GENERAL,                  SECTION: "J" (5)
UNITED STATES POSTAL SERVICE

### ORDER AND REASONS

This case is before the Court upon the consent of the parties pursuant to 28 U.S.C. §636(c). (Rec. doc. 7). Presently before the Court is defendant's motion to dismiss and plaintiff's opposition thereto. (Rec. docs. 2, 8). For the following reasons, defendant's motion is granted.

I.  **Facts and Procedural Background**

Reva Morgan, pro se plaintiff herein, was employed by the United States Postal Service. On May 16, 2003, plaintiff was not permitted to clock in and was ordered to leave the workroom floor. (Rec. doc. 1, p. 5). Plaintiff sought Equal Employment Opportunity Commission ("EEOC") counseling on June 17, 2003. Plaintiff subsequently filed a formal EEOC complaint on August 19, 2003,

alleging that the events of May 16, 2003 were the result of discrimination based on her race (African-American), sex (female), and age (DOB: 07/28/51).

On June 18, 2004, the administrative judge issued a decision without a hearing finding no discrimination. On July 1, 2004, the Postal Service issued its Notice of Final Action ("NFA"), agreeing with the administrative judge's determination. (Rec. doc. 2, ex. 1). Plaintiff appealed the NFA to the EEOC's Office of Federal Operations ("OFO") on August 1, 2004. The OFO affirmed the Postal Service's NFA on March 3, 2005. (Rec. doc. 2, ex. 2). Notice of plaintiff's right to sue was mailed to her by the EEOC on March 3, 2005. (Id. at p. 3). The notice advised plaintiff that she was presumed to have received such notice "**within five (5) calendar days after it was mailed.**" (Emphasis in original). The notice also stated that if plaintiff wished to pursue her right to file a civil action, she must do so "in an appropriate United States District Court **within 90 calendar days** from the date" she received the notice. (Emphasis in original).

Under the terms of the notice quoted above, because plaintiff is presumed to have received the notice no later than March 8, 2005, the deadline for her to timely file a lawsuit in federal district court to challenge the adverse decision of the OFO was June 6, 2005, ninety days later. Plaintiff filed a civil suit in

state district court on June 8, 2005, ninety-two days after she was presumed to have received notice of her right to sue. (Rec. doc. 1, p. 5). Plaintiff's lawsuit was removed to this Court on July 14, 2005. (Rec. doc. 1, p. 1).

Defendant John E. Potter, Postmaster General, United States Postal Service, now moves for the dismissal of plaintiff's lawsuit pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), arguing that the lawsuit is untimely because it was not filed within ninety days of receipt of the right-to-sue notice issued by the EEOC's OFO. (Rec. doc. 2). Plaintiff filed a memorandum in opposition to defendant's motion to dismiss, but did not address in her memorandum the issue of whether her lawsuit was timely filed. (Rec. doc. 8).

II. **Discussion**

   A. **Motion to Dismiss Standards**

A motion filed under Federal Rule of Civil Procedure 12(b)(1) permits a party to challenge a district court's subject matter jurisdiction to hear a case. A district court may find lack of subject matter jurisdiction in any one of three ways: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. Ramming v. U.S., 281 F.3d 158, 161 (5th Cir. 2001), cert. denied

sub nom 536 U.S. 960, 122 Ct. 2665 (2002)(citing Barrera-Montenegro v. U.S., 74 F.3d 657, 659 (5th Cir. 1996)). The party asserting jurisdiction bears the burden of proving its existence. Id. Ultimately, a lawsuit should be dismissed for lack of subject matter jurisdiction only if it appears certain that the plaintiff cannot prove any set of facts in support of her claim that would entitle her to relief. Id.

In a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court must accept all well-pleaded facts as true and view the facts in the light most favorable to the plaintiff. See Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996); American Waste & Pollution Control Co. v. Browning-Ferris, Inc., 949 F.2d 1384, 1386 (5th Cir. 1991). The Court must resolve all doubts as to the sufficiency of the complaint in plaintiff's favor. Vulcan Materials Co. v. City of Tehuacana, 238 F.3d 382, 387 (5th Cir. 2001). Dismissal is warranted if it appears certain that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief. Id.; Piotrowski v. City of Houston, 51 F.3d 512, 514 (5th Cir. 1995)(quoting Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 524 (5th Cir. 1994)).

B.  **Timeliness Standards and their Application**

A civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-16, or the Age Discrimination in

Employment Act, as amended, 29 U.S.C. 621 et seq., must be brought within ninety days of receipt of a right-to-sue letter from the EEOC. 42 U.S.C. 2000e-16(c); 29 C.F.R. §1614.407(c); Lee v. Henderson, 75 F.Supp. 2d 591, 593 (E.D. Tex. 1999). Although plaintiff presumptively received her right-to-sue letter from the EEOC no later than March 8, 2005, she lodged no pleadings with any court regarding her employment with the United States Postal Service until June 8, 2005, ninety-two days later. That renders her present suit untimely. Plaintiff has not alerted the Court to any circumstances which would warrant the tolling of the ninety-day period nor has she disputed the date by which she was presumed to have received her notice of right-to-sue.

III. Conclusion

For the forgoing reasons, defendant's motion to dismiss is hereby granted. Judgment will be entered accordingly.

New Orleans, Louisiana, this <u>10th</u> day of February, 2006.

*Alma L. Chasez*
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE